SUCCESSORS OF CONRADO DÍAZ, Plaintiff and Appellee, v. EUFROSINA CIANCHINI DE SANTIAGO, Defendant and Appellant.

No. 8997. Argued April 3, 1945.—Decided July 28, 1945.

*Manuel A. Rivera* and *Leopoldo Tormes García* for appellant. *Erasto Arjona Siaca* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This case is a sequel to *Cianchini* v. *Díaz,* 51 P.R.R. 594, which was an action to recover lease rentals, wherein Eufrosina Cianchini widow of Santiago appeared as plaintiff and Julio Díaz, Successors of Conrado Díaz, and Enrique Lanausse appeared as defendants. In order to secure the effectiveness of the judgment, in March 1932, 16 yoke of oxen were attached as belonging to Successors of Conrado Díaz, a partnership; but as judgment was rendered against said plaintiff, the partnership brought this action in 1938 against Mrs. Cianchini to recover damages which it alleged to have suffered by reason of the attachment.

In her answer defendant challenges the existence of the parnership firm.

The lower court decided that the defendant in this case was estopped to deny the existence of the plaintiff partnership because in the case of *Cianchini* v. *Díaz, supra,* she had sued and attached property as belonging to said partnership, and in the present case, despite the fact that she denies its legal existence, she filed a cross complaint, thereby, according to the lower court, recognizing its legal capacity. After examining the merits of the case it rendered judgment for the plaintiff and dismissed the cross complaint.

In view of the nature of the question raised by the defendant-appellant, we must first decide whether the lower court erred in reaching that conclusion.

In order to prove its legal capacity plaintiff herein offered in evidence the deed of December 5, 1929, executed before Notary Manuel A. Rivera, attorney for Mrs. Cianchini in both cases. By this deed the children and widow of Conrado Díaz organized an agricultural partnership contributing

thereto a certain amount of cattle and their respective condominia in a property situated in the ward of Jauca, Santa Isabel. They agreed that the duration of the partnership would be 10 years.

In order to meet this evidence, the defendant tried to show that although such partnership had been organized, the plaintiff had rendered it nonexistent by performing acts incompatible with its existence. To this end defendant offered the following documentary evidence:

1. Deed of December 5, 1929, executed before Notary José Tous Soto, on the same day, but a few hours after the organization of the firm. In this deed the children and widow of Conrado Díaz, alleging to be owners of the property, entered into a contract for agricultural advances and grinding of cane and a mortgage on the property in favor of Central Aguirre, the partnership constituted on that same day taking no part in these transactions, although according to the terms of said deed, it was incumbent on the partnership to operate the property; [1]

2. Certificate of the Registrar of Property of Ponce disclosing that by deed of May 23, 1930, executed before Notary Miguel Marcos Morales, Julio Díaz constituted a mortgage in favor of Crédito y Ahorro Ponceño on his undivided interest in said property;

3. Certificate of the Registrar of Property of Ponce showing that by deed of February 26, 1931, executed before Notary Fernando Zapater, Calixto Díaz, who appears as

---

[1] In clause "G" of the seventh paragraph of the deed of December 5, 1929, constituting the agricultural partnership it was agreed as follows:

"The administrators and attorneys in fact designated herein are ·fully empowered and authorized to sign *in the name of the partnership and using the firm name,* any contract for the grinding of cane, for agricultural advances or *for mortgage security,* with Central Aguirre Sugar Co. or with any other subsidiary company in order to promote the cultivation and business of the enterprise, but they may not change in full the cultivation of the cane, *nor sell real property* belonging to the firm without the express authorization of the majority of the 12 contracting parties." (Italics ours.)

partner in the deed of December 5 1929, before Notary Manuel A. Rivera, constituted a second mortage in favor of Moscoso Hno. & Co. on the condominium which he alleged belonged to him in said property;

4. Deed of August 27, 1931, executed before Notary José Tous Soto whereby the members of the alleged partnership, individually and as owners of the common property, mortgaged it in favor of Central Aguirre Sugar Co.;

5. Deed of December 18, 1932, executed before Notary Fernando Zapater whereby the same persons, without even mentioning the partnership known as Successors of Conrado Díaz, sold to Luce & Co., S. en C., the property belonging to them including the cane plantations existing therein, etc.;

6. Two certificates establishing that Successors of Conrado Díaz did not appear as taxpayer of income taxes during the years 1932–33; and

7. Two certificates establishing that Successors of Conrado Díaz did not appear as taxpayer of property taxes in the Municipality of Santa Isabel during the years 1931–32 and 1932–33.

In addition to this evidence there was introduced the testimony of Juan García, accountant of Central Aguirre, who stated that in the books of said company the account for agricultural advances, concerning this property, appeared in the name of "Sucn. J. C. Díaz" or "Sucn. José C. Díaz," except the liquidation corresponding to the month of March 1932 which appeared in the name of "Sucrs· J. S. Díaz."

This evidence conclusively shows that although a partnership was organized by the deed of December 5, 1929, executed before Notary Manuel A. Rivera, this partnership never acted as such, it having been repudiated on the same day of its organization by acts performed by its alleged partners incompatible with the existence of the partnership. Our decision as to the nonexistence of the partnership should

not be understood to prejudice a third party who, having knowledge of the contract of the partnership and being unaware of the acts referred to, should have contracted with it under the impression that said partnership existed.

We shall now consider whether the judge of the lower court erred in deciding that in the present case the defendant is estopped by her own acts to challenge the legal capacity of the plaintiff.

It is true that in the complaint filed on March 4, 1932, in the case of *Cianchini* v. *Díaz, supra,* Successors of Conrado Díaz appeared as defendant, and the oxen belonging to said defendant were attached. As testified by plaintiff's attorney, Manuel A. Rivera, this was due to the fact that the alleged partnership had been organized before him. as notary, 3 years previously for a term of 10 years and naturally he believed that the partnership was still existent. No prejudice was caused to Successors of Conrado Díaz by having been sued under that name and no advantage was derived by the then plaintiff, Mrs. Cianchini, in having sued them under that name.[2]

In regard to the cross complaint in the present case, estoppel can not be alleged either, for the cross-complainant could not be sure that the lower court would sustain her de-defense of lack of legal capacity on the part of the plaintiff, as in effect it overruled it; and foreseeing this, it filed the cross complaint. In any event, if her defense of lack of legal capacity should have been successful, her cross complaint would have failed, for it would have been impossible to render a judgment against a nonexistent entity.

For the reasons stated the judgment appealed from should be reversed and another rendered instead dismissing the complaint, with costs against the plaintiff.

Mr. Chief Justice Travieso did not participate herein.

---

[2] Of course, we are not deciding that no damages were caused by reason of the attachment, for this question has not been considered in this opinion.